ON APPLICATION FOR ADMISSION TO THE BAR
PER CURIAM.*
1TAfter reviewing the- evidence and considering the law, we conclude petitioner, *801 Benjamin W. Gulick, is eligible to be conditionally admitted to the practice of law in Louisiana, subject to the following conditions:
1. Petitioner must execute a new five-year recovery agreement with the Lawyers Assistance Program (LAP).
2. The period of this conditional admission shall coincide with the period of petitioner’s LAP agreement. However, petitioner’s conditional admission status shall not be terminated until this court so orders.
3. Petitioner shall be responsible for ensuring that monthly reports of his progress and participation in LAP are forwarded to the Office of Disciplinary Counsel (ODC).
4. Upon the expiration of the term of petitioner’s LAP agreement, the Executive Director of LAP shall forward to the ODC (a) a final report of petitioner’s progress and participation in LAP, and (b) a recommendation regarding the need for petitioner’s continued participation in LAP.
5. Following receipt of the report from LAP, the ODC shall file a report in this court in which it shall recommend whether the conditional admission shall be allowed to terminate or shall be extended.
1¾6. Petitioner shall cooperate with LAP and the ODC, and shall comply with any and all requirements imposed upon him by LAP and the ODC.
Should petitioner fail to make a good faith effort to satisfy these conditions, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement.
CONDITIONAL ADMISSION GRANTED.

 Chief Justice Kimball not participating in the opinion.